**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0844-16T4

FREDERICK CHATMAN,

    Petitioner-Appellant,

v.

STATE-OPERATED SCHOOL DISTRICT
OF THE CITY OF NEWARK, ESSEX
COUNTY,

    Respondent-Respondent.

_____

Argued January 30, 2018 — Decided July 10, 2018

Before Judges Reisner and Hoffman.

On appeal from the Commissioner of Education,
Docket No. 283-9/14.

Dennis McKeever argued the cause for appellant
(Sciarrillo, Cornell, Merlino, McKeever &
Osborne, LLC, attorneys; Dennis McKeever, of
counsel and on the brief; Marcie L. Mackolin,
on the brief).

Ramon E. Rivera argued the cause for
respondent (Scarinci Hollenbeck, LLC,
attorneys; Ramon E. Rivera, of counsel; Jason
T. Mushnick and Shana T. Don, on the brief).

Gurbir S. Grewal, Attorney General, attorney
for respondent Commissioner of Education (Eric

L. Apar, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Petitioner appeals from a September 12, 2016 decision of the Commissioner of the Department of Education (Commissioner), denying his petition seeking tenure in the position of principal, and seeking reinstatement as principal at Harriet Tubman Elementary School (Tubman school) in the City of Newark State Operated School District (District). We affirm substantially for the reasons stated in the Commissioner's decision. We add these comments.

Petitioner was promoted from vice principal to interim principal on August 22, 2012. That promotion was accomplished through the established, legal process of appointment by the Board of Education. Pursuant to the Teacher Effectiveness and Accountability for the Children of New Jersey Act (TEACHNJ), L. 2012, c. 26, as of August 6, 2012, time served in a position no longer sufficed to permit a newly-promoted principal to obtain tenure in the promotional position. Instead, a principal who was promoted after the Act's effective date of August 6, 2012, could not attain tenure without achieving an evaluation of "effective" or "highly effective" in two annual summative evaluations within

the first three years of employment in the new position. N.J.S.A. 18A:28-6(b).

Petitioner did not attain tenure under the TEACHNJ standards because he received annual ratings of "partially effective" and "ineffective" for the two school years following his August 22, 2012 appointment. As a result, he was removed from the principal position and returned to a vice principal position. He filed a petition with the Commissioner, claiming a right to tenure as a principal based on the pre-TEACHNJ standards, set forth in N.J.S.A. 18A:28-6(a).

Prior to his appointment as interim principal, petitioner held the appointed title of vice principal at the Tubman school. There was evidence that, after the appointed principal at the Tubman school retired in December 2011, petitioner unofficially functioned as the acting principal until the end of that school year. However, during that time frame, the Board did not appoint petitioner to the acting principal position or otherwise approve his appointment to any position other than vice principal.

On April 27, 2012, petitioner wrote a letter to the District Superintendent describing himself as a "principal" and expressing his hope that he could continue in that position. The Superintendent did not respond, but on May 25, 2012, the Board served petitioner with a written notice that his position at the

Tubman school had been eliminated effective at the end of the school year, and he would have to find another position in the District. The letter did not acknowledge that petitioner held any position at the school other than vice principal. However, the letter made clear that whatever position petitioner held at that time was eliminated.

According to petitioner, in June and July 2012, he interviewed for a principal position. On August 22, 2012, petitioner was appointed as an interim principal, a position for which he signed a contract. A September 24, 2012 letter, confirming petitioner's August 22, 2012 appointment, stated that petitioner's "Current Position" was "Vice Principal" and his "New Position" was "Interim Principal."

In her decision, the Commissioner rejected petitioner's claim that his unofficial, un-appointed service filling in for the former principal entitled him to be grandfathered under the old tenure standards set forth in N.J.S.A. 18A:28-6(a).[1] Rather, the Commissioner construed N.J.S.A. 18A:28-6(b) "to mean that the date upon which a teaching staff member is approved by the board is the relevant date for determining whether new tenure rules established

---

[1] The Commissioner rejected an administrative law judge's initial decision in petitioner's favor. The initial decision relied heavily on pre-TEACHNJ administrative decisions, concerning the calculation of service credit for tenure purposes.

pursuant to TEACHNJ, or previous tenure rules, apply." The Commissioner concluded: "In the instant matter, petitioner was officially promoted from vice principal to interim principal on August 22, 2012, which is after August 6, 2012. As such N.J.S.A. 18A:28-6(b) applies because petitioner was promoted subsequent to the effective date of TEACHNJ."

The Commissioner reasoned that the time-in-service issue on which petitioner relied was not dispositive, because to obtain tenure, petitioner needed good evaluations in addition to service credit:

> The Commissioner need not reach the issue of whether petitioner assumed the duties and responsibilities of the principal and served as acting principal in an un-appointed capacity because — even if petitioner could tack on the time served as acting principal in an un-appointed capacity toward the time required to earn tenure — he is ineligible for tenure due to his evaluations falling below the required ratings.

Our review of the Commissioner's decision is limited. We will not disturb an agency's final decision so long as it is supported by substantial credible evidence and is consistent with applicable law. See In re Proposed Quest Acad. Charter Sch. of Montclair Founders Grp., 216 N.J. 370, 385 (2013). We review an agency's legal interpretations de novo. DiNapoli v. Bd. of Educ. of Twp. of Verona, 434 N.J. Super. 233, 236 (App. Div. 2014). However,

we give "considerable weight" to an agency's reasonable interpretation of a statute it is charged with enforcing. <u>Kletzkin v. Spotswood Bd. of Educ.</u>, 136 N.J. 275, 278 (1994) (citation omitted); <u>see</u> <u>DiNapoli</u>, 434 N.J. Super. at 237.

In light of those standards, we find nothing unreasonable in the Commissioner's interpretation of N.J.S.A. 18A:28-6(b). In enacting TEACHNJ, the Legislature intended to benefit children, by improving the quality of education. <u>See</u> <u>Pugliese v. State-Operated Sch. Dist. of City of Newark</u>, 440 N.J. Super. 501, 508 (App. Div. 2015). To that end, TEACHNJ bases a principal's tenure rights on demonstrated effectiveness in the position, as well as service credit. The Commissioner's interpretation of TEACHNJ serves that purpose and is consistent with the statutory language. <u>See</u> <u>Kletzkin</u>, 136 N.J. 278.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION